**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1856
_____

GARY LEE ROCK,
                              Appellant

v.

FRANKLIN COUNTY;
TODD ROCK, Clerk of Courts, Franklin County Courthouse

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:19-cv-00605)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 11, 2021
Before:  GREENAWAY, JR., KRAUSE and BIBAS, Circuit Judges

(Opinion filed:  February 3, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gary Lee Rock, who is proceeding pro se, appeals an order of the District Court that granted the defendants' motion to dismiss his civil action. For the reasons that follow, we will affirm.

In 1978, a jury in Pennsylvania convicted Rock of two counts of murder and related offenses.[1] During those proceedings, the trial court sealed certain police reports, holding that they "contained nothing beneficial to the defense" and did not "really have anything to do with the decision of the case." Rock did not challenge that determination on direct appeal or in various attempts over several decades to obtain post-conviction relief. In December 2018, Rock filed in his criminal case a "Motion and Brief to Grant Access to Sealed Judicial Documents."[2] The Court of Common Pleas of Franklin County construed the motion as a petition under the Post Conviction Relief Act (PCRA), see Commonwealth v. Taylor, 65 A.3d 462, 466 (Pa. Super. Ct. 2013) (stating that "all motions filed after a judgment of sentence is final are to be construed as PCRA petitions"), and denied it as untimely. (ECF 21-1.)

---

[1] Rock obtained habeas relief in 1984 based on his trial attorney's ineffectiveness for failing to file a motion to suppress items seized during a warrantless search and for failing to introduce evidence of Rock's good character. Rock v. Zimmerman, 586 F. Supp. 1076 (M.D. Pa. 1984). He was convicted at a new trial in 1985 and was sentenced to two consecutive terms of life imprisonment.

[2] Rock had filed two prior PCRA petitions seeking access to the police reports. Those petitions were rejected as untimely filed. See Commonwealth. v. Rock, No. 1593 MDA 2015, 2016 WL 1292898, at *3-4 (Pa. Super. Ct. Apr. 1, 2016); Commonwealth v. Rock, 1605 MDA 2017, 2018 WL 2212972, at *2 (Pa. Super. Ct. May 15, 2018), aff'd, 198 A.3d 329 (Pa. Nov. 27, 2018) (table).

Rock next filed a complaint in the United States District Court for the Middle District of Pennsylvania against Franklin County and the Clerk of the Franklin County Court of Common Pleas ("the Clerk"), claiming that the Clerk improperly refused his request for access to the police reports. Rock demanded release of the police reports, damages, and an injunction preventing the state court from "requiring convicted defendants to submit [F]irst [A]mendment access to judicial records claims within [the] PCRA process." (ECF 1, at 6.) The defendants filed a motion to dismiss, arguing, among other things, that the Clerk was protected by immunity and that Rock did not establish a claim for municipal liability against Franklin County. (ECF 21.) The matter was referred to a Magistrate Judge, who recommended granting the motion to dismiss, citing the Rooker-Feldman doctrine, various forms of immunity, and failure to name a proper party defendant for municipal liability purposes. (ECF 40.) Over Rock's objections (ECF 44), the District Court adopted the Magistrate Judge's Report and Recommendation, concluded that amendment of the complaint would be futile, and granted the defendants' motion to dismiss.[3] (ECF 50.) Rock appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order granting the defendants' motion to dismiss. Davis v. Samuels, 962 F.3d 105, 111 n.2 (3d Cir. 2020). "To survive a motion to dismiss, a complaint must

---

[3] The District Court also denied as moot Rock's motion for in camera inspection of the sealed police reports.

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (citations and internal quotation marks omitted). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court properly granted the defendants' motion to dismiss. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Absolute judicial immunity extends to officials other than judges when they "exercise a discretionary judgment as part of their function," Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993) (citation and internal quotation marks omitted), or when they undertake a function pursuant to the direction or order of the court, see Snyder v. Nolen, 380 F.3d 279, 287 (7th Cir. 2004) (per curiam). In this case, we agree that the Clerk is immune from liability with regard to the allegation that he refused to release police reports that had been sealed by the Court of Common Pleas. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 772-73 (3d Cir. 2000) (providing absolute quasi-judicial immunity for court administrative personnel who are charged with carrying out facially valid court orders). Although "absolute judicial immunity extends only to claims

4

for damages," Larsen v. Senate of the Commonwealth, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Rock did not demonstrate that this exception applies. See Azubuko, 443 F.3d at 303-04.

The District Court also properly concluded that Rock failed to state a claim against Franklin County. Rock alleged that the County was liable for the Court of Common Pleas' decision to construe his request for the police records as being brought under the PCRA. In particular, he asserted that the County has a "policy of … refusing to adjudicate … request[s] for access to judicial records without first satisfying state PCRA requirements." (ECF 1, at 4.) This claim clearly lacks merit. Franklin County cannot be liable for any court policy because the court is a Commonwealth institution outside the control of the County.[4] See Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008) ("The Commonwealth vests judicial power in a unified judicial

---

[4] Insofar as Rock's claims were directed at the Franklin County Court of Common Pleas, rather than the County itself, we note that Eleventh Amendment immunity protects state entities, such as the Pennsylvania Court system. See Benn v. First Judicial Dist., 426 F.3d 233, 240-41 (3d Cir. 2005) (holding that all components of unified state judicial system are entitled to Eleventh Amendment immunity). While a state may lose its immunity by Congressional abrogation or by waiver, see Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000), Congress did not abrogate states' sovereign immunity when it enacted 42 U.S.C. § 1983, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989), and the Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute, see Lavia, 224 F.3d at 195.

5

system, Pa. Const. art. V, § 1, and all courts and agencies of the UJS are part of the Commonwealth government rather than local entities."). Moreover, although Rock made a bare reference to County policy, he did not meaningfully allege that an official policy or custom caused the deprivation of his constitution rights. See Estate of Roman v. City of Newark, 914 F.3d 789, 798 (3d Cir. 2019) (explaining that a plaintiff pleading a municipal liability claim must show that the alleged injury resulted from an official policy or custom). Instead, he broadly complained about injuries caused by the state court's decision to subject his motion for release of the police records to the requirements of the PCRA. Of course, as the Magistrate Judge explained, federal district courts generally lack jurisdiction under the Rooker-Feldman doctrine to review state court decisions. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Under these circumstances, we conclude that the District Court did not abuse its discretion in denying leave to amend on the grounds of futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)

For the foregoing reasons, we will affirm the judgment of the District Court.[5]

------

[5] Rock's motion for in camera inspection of the police reports is denied.